UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GARY M. JONES and STEVEN S. HOWITT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-10583-LTS |
| VITO SCOTTI, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

ORDER AND MEMORANDUM ON DEFENDANT MACKIEWICZ'S
MOTION FOR JUDGMENT ON THE PLEADINGS.

April 26, 2010

SOROKIN, M.J.

The Plaintiffs, Gary M. Jones and Steven S. Howitt (at all relevant times, a police officer and Selectman, respectively, of the Town of Seekonk, Massachusetts), allege misconduct by the Defendants arising from an investigation of them by the Seekonk Police Department. Docket # 1. Defendant Wayne L. Mackiewicz moves pursuant to Fed. R. Civ. P. 12(c) for Judgment on the Pleadings. Docket # 34. His motion is ALLOWED.

Factual Background

The Plaintiffs allege generally that on or about March 28, 2005, Howitt became involved in a confrontation with a private investigator and that he subsequently asked Jones (a Captain with the Seekonk Police Department) to collect and share with him information concerning that

1

investigator which could be obtained by entering his license plate number in Department computer databases. Docket # 1 at ¶¶ 18-30. Jones did so and provided the information to Howitt. Id. at ¶¶ 32-36. The investigator complained to the Department that Howitt revealed knowledge of his personal information, and Defendant Scotti (then the Police Chief), initiated an investigation. Id. at ¶¶ 42-43. On August 27, 2005, Scotti concluded his investigation and recommended that Jones be demoted in rank and that he be suspended without pay for fifteen days. Id. at ¶ 99. Scotti did not interview Howitt during the course of his investigation. Id. at ¶ 100.

It is not alleged that Defendant Mackiewicz played any role in the foregoing events. The sum and total of the factual allegations against Mackiewicz are: (1) that during September, 2005, he was the Acting Police Chief, following Scotti's resignation (Id. at ¶ 103); (2) that on or about September 13, 2005, he conferred with Defendant John and determined that Scotti had not interviewed Howitt (Id.); (3) that on or about September 22, 2005, Mackiewicz (along with Defendants John and Mace) interviewed Howitt, in a taped and recorded session, which included "several misleading, irrelevant and personal questions,"and which brought to light that Scotti had revealed CORI information to Howitt in the past (Id. at ¶ 104); (4) that Mackiewicz concluded in a report concerning the Howitt interview that Scotti should be interviewed as well (Id. at ¶ 105); (5) that Mackiewicz interviewed Scotti (in an unrecorded session at a restaurant, with counsel present) during which Scotti acknowledged giving CORI information to Howitt in the past (Id. at ¶ 114);(6) that on or about October 5, 2005, Mackiewicz issued a report concluding that Jones should be suspended for fifteen days without pay (a recommendation later reduced to ten days) and that he should not be demoted. (Id. at ¶¶ 107, 110); and, (7) that Mackiewicz refused to stay

Jones's suspension pending arbitration. (Id. at ¶ 114).

The Plaintiffs have advanced three claims against Mackiewicz: (1) Count Eight, pursuant to the Massachusetts Civil Rights Act, M.G.L. c. 12, §11H and §11I, for violation of the right to Equal Protection guaranteed to them by the Massachusetts Declaration of Rights; (2) Count Nine, pursuant to 42 U.S.C. § 1983, for violation of the right to Equal Protection guaranteed to them by the United States Constitution; and, (3) Count Ten, pursuant to 42 U.S.C. § 1985, for conspiracy to violate their civil rights.

Applicable Standard

Mackiewicz seeks to dismiss the claims against him asserting that he is entitled to judgment on the pleadings.  The standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), except that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54-55 (1st Cir.2006).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993).  This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations,

either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (internal quotation marks omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S.Ct. at 1949.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id.  The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir.2009)(quoting Iqbal, 129 S.Ct. at 1949). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." Id.

### The Federal Equal Protection Claim

Plaintiffs assert a federal class of one equal protection claim in Count Nine.  The Supreme Court, however, "hold[s] that such a 'class-of-one theory of equal protection has no place in the public employment context." Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 128 S.Ct. 2146, 2151 (2008).   Undeterred, Plaintiffs assert repeatedly that the holding of Engquist is limited to the context of at-will employment, and thus does not bar their claim (which they concede is of the "class of one" variety). See, e.g., Docket # 39 at 6-7 (the Engquist "opinion focused on the termination of an at-will employee" while "Captain Jones was not an at-will employee but rather was employed pursuant to a collective bargaining agreement.")(emphasis in original).  The distinction is without support in Engquist.  Enguist was employed pursuant to a "collective-bargaining agreement." Enguist, 128 S.Ct. at 2149.

Moreover, while the Court mentioned at will employment, its opinion not only omitted any such at will limitation it specifically distinguished constitutional claims (such as this one) from statutory claims: "a government's decision to limit the ability of public employers to fire at will is an act of legislative grace, not constitutional mandate." Id. at 2156. "Public employees typically have a variety of protections from [challenged] personnel actions . . . but the Equal Protection Clause is not one of them." Engquist, 128 S.Ct. at 2157.

### Equal Protection Claim Based on State Law

The Plaintiffs argue in that alternative that even if the Equal Protection claim based upon federal law is not cognizable, it nevertheless remains viable under the Massachusetts Declaration of Rights. This claim also fails.

The Massachusetts Civil Rights Act (MCRA) provides a state remedy for interference with (or attempts to interfere with) the exercise or enjoyment of rights secured by the Constitution or laws of the Commonwealth "by threats, intimidation, or coercion." M.G.L. c. 12, § 11H; See also, M.G.L. c. 12, § 11I (providing for a private cause of action for conduct proscribed by § 11H). In Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, cert. denied, 513 U.S. 868 (1994), the Massachusetts Supreme Judicial Court defined the terms "threats, intimidation, or coercion." It stated that a "'[t]hreat' . . . involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm . . . 'Intimidation' involves putting in fear for the purpose of compelling or deterring conduct . . . [Coercion involves] 'the application to another of such force, either physical or moral, as to constrain [him] to do against [his] will something [he] would not otherwise have done.' " Id. at 474 (quoting from Webster's New Intl. Dictionary 519 (2d ed.1959)).

Even accepting as true the facts recited in the Complaint and drawing all reasonable inferences in the Plaintiffs' favor, the conduct attributed to Mackiewicz therein does not plausibly constitute "threats, intimidation or coercion." The only conduct relating to Jones which is attributed to Mackiewicz is his recommendations of reduced levels of discipline (eliminating the recommendation of a demotion in rank, while retaining the suspension without pay for fifteen days, subsequently reduced to ten days) and that he refused to stay Jones' suspension pending arbitration. Neither act plausibly rises to the level of "threats, intimidation or coercion" as defined by applicable law. The only conduct attributed to Mackiewicz with regard to Howitt is that he conducted a non-custodial taped recorded interview of Howitt upon realizing that Howitt had not been previously interviewed by his predecessor. The fact that Howitt considered certain questions asked therein to be "misleading, irrelevant and personal" also does not rise to the level of conduct plausibly supporting liability under the Massachusetts Civil Rights Act.

Claim For Conspiracy to Violate Civil Rights

The Plaintiffs allege in Count Ten, brought pursuant to 42 U.S.C. § 1985(2) and (3), that Mackiewicz conspired to violate their civil rights. Docket # 1 at ¶¶ 190-96. The Complaint does not contain any non-conclusory allegations of material fact supporting the inference that Mackiewicz conspired with others for any purpose. Moreover, Section 1985(2) prohibits conduct not implicated by the events described in the Complaint (i.e., the obstruction of the course of justice in federal or state courts). See, e.g., Kush v. Rutledge, 460 U.S. 719 (1983). Section 1985(3) requires proof of a conspiracy arising from a racial or otherwise class-based invidious discriminatory animus, which is also not found here. See Griffin v. Breckenridge, 403 U.S. 88, 91 (1971).

CONCLUSION

Defendant Mackiewicz's Motion for Judgment on the Pleadings (Docket # 34) is ALLOWED, and all claims directed against him are DISMISSED.

SO ORDERED,

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge